UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JORGE L. ALVAREZ,

    Plaintiff,

        v.

MAPLEBEAR, INC. d/b/a/ INSTACART,
ET AL.,

    Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. 3:21-cv-30110-KAR

**MEMORANDUM AND ORDER ON MAPLEBEAR'S MOTION TO COMPEL
ARBITRATION AND STAY THE ACTION**
(Dkt. No. 9)

ROBERTSON, U.S.M.J.

I.      INTRODUCTION

Proceeding *pro se*, Plaintiff Jorge L. Alvarez ("Plaintiff"), a registered Instacart Shopper,

has brought an action against Defendant Maplebear, Inc. d/b/a/ Instacart ("Defendant" or

"Instacart") for alleged violations of the Massachusetts wage and hour laws (Dkt. No. 1).

Defendant has moved to compel arbitration and to stay the action pursuant to the Federal

Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* The parties have consented to this court's

jurisdiction (Dkt. No. 14). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Defendant's motion is

ALLOWED for the reasons that follow.

II.      FACTUAL BACKGROUND[1]

---

[1] Because Instacart's motion to compel arbitration was made in connection with a motion to
dismiss or stay, the court draws the relevant facts from the operative complaint and the
documents submitted to the district court in support of the motion to compel arbitration,
including the Declaration of Katherine Son (Dkt. No. 11) and the Independent Contractor
Agreement (Dkt. No. 11-1). *See Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 55 (1st Cir. 2018)
(citing *Gove v. Career Sys. Dev. Corp.*, 689 F.3d 1, 2 (1st Cir. 2012)).

1

Instacart provides same-day, on-demand shopping and delivery of groceries and other items throughout the United States by connecting customers, retailers, and local independent contractors ("Shoppers") through the Instacart website and smartphone application ("Instacart Platform") (Dkt. No. 11 ¶ 2). Customers of grocery stores and other retailers use the Instacart Platform to find and connect with a Shopper who is willing to shop for and deliver the customer's goods (Dkt. No. 11 ¶ 3). Shoppers use the Instacart Platform to review and select orders placed by customers seeking shopping and delivery services in their area (Dkt. No. 11 ¶ 3).

In order to use the Instacart Platform, all Instacart Shopper applicants are required to review and sign an Independent Contractor Agreement ("Agreement") (Dkt. No. 11 ¶ 4; Dkt. No. 11-1). Instacart uses a third-party product, HelloWorks, to facilitate the review and signing of the Agreement and other paperwork (Dkt. No. 11 ¶ 5). The display of the Agreement on HelloWorks includes the emphasized portions of the text (Dkt. No. 11 ¶ 6). Before the applicant is given the option of signing the Agreement, he must scroll through the entire Agreement (Dkt. No. 11 ¶ 6). HelloWorks provides Instacart with the date and time the applicant signs the Agreement (Dkt. No. 11 ¶ 10). HelloWorks' records indicate that Plaintiff signed the Agreement on May 21, 2021 (Dkt. No. 11 ¶ 11).

The second paragraph of the Agreement states:

**IMPORTANT: . . . PAY ATTENTION TO SECTION 9, WHICH SETS FORTH THAT WITH CERTAIN EXCEPTIONS YOU AND INSTACART MUTUALLY AGREE TO ARBITRATE ANY LEGAL DISPUTES OR CLAIMS THAT MIGHT ARISE BETWEEN YOU. SECTION 9 REQUIRES THAT, EXCEPT AS PROHIBITED BY LAW OR UNLESS YOU OPT-OUT OF THE ARBITRATION PROVISION (AS SET FORTH IN SECTION 9.10), THE PARTIES WILL RESOLVE COVERED DISPUTES OR CLAIMS ON AN INDIVIDUAL BASIS IN AN ARBITRATION PROCEEDING.**

(Dkt. No. 11-1 at 1) (emphasis supplied).  Section 9, the "Arbitration Provision," states that the Shopper and Instacart **"agree that to the fullest extent permitted by law, ANY AND ALL DISPUTES OR CLAIMS . . . shall be exclusively resolved by final and binding arbitration by a neutral arbitrator whether in contract, tort, or otherwise, relating to the formation (including unconscionability and invalidity), existence, breach, termination, interpretation, enforcement, validity, scope, and applicability of the Agreement, or the Services agreed to herein, or any claim on any basis under federal, state, or local law, which could otherwise be heard before any court of competent jurisdiction.  By signing this Agreement, and unless otherwise stated in this Arbitration Provision, you and Instacart hereby waive their right to have any covered dispute, claim, or controversy decided by a judge or jury in a court"** (Dkt. No. 11-1 ¶ 9.1) (emphasis supplied).  The Agreement further states that the arbitration provision "shall encompass all disputes and claims that Instacart may have against you, or that you may have against Instacart . . . arising or relating to this Agreement, your classification as an independent contractor, or the Services performed by you" (Dkt. No. 11-1 ¶ 9.1).  Shoppers have thirty days from the date of signing the agreement to opt out of the arbitration provision by notifying Instacart in writing (Dkt. No. 11-1 ¶ 9.10).  According to Instacart's records, Plaintiff did not opt out (Dkt. No. 11 ¶¶ 14, 15).

Plaintiff does not dispute that he signed the Agreement.  Instead, he claims that the arbitration provision cannot be enforced because Instacart engaged in "unfair, unreasonable, deceptive and abusively advantageous employment practices" and violated the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 148B, including erroneously classifying him as an independent contractor, the Massachusetts Tips Act, Mass. Gen. Laws ch. 149, § 152A, the Massachusetts Minimum Wage Act, Mass. Gen. Laws ch. 151, § 1, and the Massachusetts

Antidiscrimination statute, Mass. Gen. Laws ch. 151B (Dkt. No. 1-1 at 7; Dkt. No. 13).  For its part, Defendant argues that these claims are governed by the Agreement and Plaintiff must arbitrate his claims.

III.     ANALYSIS

The FAA, which governs the Agreement, provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract" (Dkt. No. 11-1 ¶ 9.1).  9 U.S.C. § 2.  "A party seeking to compel arbitration pursuant to the FAA usually must show that (1) a valid agreement to arbitrate exists; (2) the movant is entitled to invoke the arbitration clause; (3) the other party is bound by that clause; and (4) the claims asserted come within the clause's scope." *Levine v. Maplebear, Inc.*, Civil Action No. 21-cv-11617-AK, 2022 WL 827290, at *5 (D. Mass. Mar. 18, 2022) (citing *Ouadani v. TF Final Mile LLC*, 876 F.3d 31, 36 (1st Cir. 2017)).

As to Plaintiff's argument that the arbitration provision is not enforceable because Instacart violated Massachusetts laws, "parties may delegate 'threshold arbitrability questions to the arbitrator,' so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Id.*  (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019)). Here, the delegation clause of the arbitration provision clearly states that, except as otherwise provided, "the arbitrability of any dispute between you and Instacart, including whether or to what extent all or part of this Arbitration Provision is invalid, unconscionable, or otherwise unenforceable, and whether a dispute, claim, or controversy is subject to arbitration, is a decision that will be submitted exclusively to the arbitrator and will not be decided by any federal or state court" (Dkt. No. 11-1 ¶ 9.2).  "Because the arbitration provision clearly and unmistakably delegates questions regarding the scope of the provision to the arbitrator, the [c]ourt need only

4

determine whether a valid agreement to arbitrate exists as a matter of state law." *Levine*, 2022 WL 827290, at \*5 (citing *Immediato v. Postmates, Inc.,* CIVIL ACTION No. 20-12308-RGS, 2021 WL 828381, at \*3 (D. Mass. Mar. 4, 2021)).

An online agreement, such as the one at issue here, is enforceable in Massachusetts when there is "reasonable notice of the terms and a reasonable manifestation of assent to those terms*."* *Kauders v. Uber Techs., Inc.,* 159 N.E.3d 1033, 1049 (Mass. 2021).  *See Emmanuel v. Handy Techs., Inc.,* 992 F.3d 1, 8 (1st Cir. 2021).  Both elements were satisfied here.  In order to register as an Instacart Shopper and use the Instacart Platform, Plaintiff was required to scroll through the entire Agreement before he signed it (Dkt. No. 11 ¶¶ 4, 6, 9).  In bold type and all capital letters, the second paragraph of the Agreement told potential Shoppers to "pay attention" to the arbitration provision in section 9 (Dkt. No. 11-1 at 1).  Similarly, significant portions of the arbitration provision, including the opt-out provision, were presented in bold type (Dkt. No. 11 ¶ 9; Dkt. No. 11-1 ¶ 9).  Plaintiff electronically signed the bottom of the Agreement by checking a box and clicking a button (Dkt. No. 11 ¶ 11; Dkt. No. 11-1 at 7).  Plaintiff's signature expressly manifested his assent to the Agreement's terms, including the arbitration provision.  *See Kauders,* 159 N.E.3d at 1050; *see also Levine,* 2022 WL 827290, at \*4 (finding Plaintiff's signature expressed his assent to Instacart's similar Agreement).  Consequently, the arbitration provision of the Agreement is enforceable and the issues are referred to arbitration.

Notwithstanding Defendant's request for a stay of the suit, *see* 9 U.S.C. § 3, the case will be dismissed.  "Courts may go beyond a stay . . . and dismiss the proceeding 'when all of the issues before the court are arbitrable'" as is the case here.  *Spencer Furniture, Inc. v. Media Arts Grp., Inc.*, 349 F. Supp. 2d 49, 51 (D. Mass. 2003) (quoting *Bercovitch v. Baldwin Sch., Inc.,* 133 F.3d 141, 156 n.21 (1st Cir. 1998)); *see also Morse v. Sir Speedy, Inc.,* No. Civ. 97-40013-NMG,

1997 WL 724434, *1 (D. Mass. Nov. 17, 1997) ("[W]here all the issues are referable to

arbitration the proper procedure is to dismiss the complaint.").

IV.    CONCLUSION

For the above-stated reasons, Defendant's motion to compel arbitration (Dkt. No. 9) is

ALLOWED and the case is dismissed.  The clerk is directed to close the case.

It is so ordered.

June 1, 2022                                             /s/ Katherine A. Robertson
                                                        KATHERINE A. ROBERTSON
                                                        U.S. MAGISTRATE JUDGE